FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICKI R.,[1] <br>    Plaintiff, <br> vs. <br> COMMISSIONER OF SOCIAL SECURITY, <br>    Defendant. | No. 1:18-cv-03061-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 15, 16 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 15, and denies Defendant's Motion, ECF No. 16.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's

ORDER - 3

work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 9, 2013, Plaintiff applied for Title II disability insurance benefits, alleging a disability onset date of December 31, 2008.[2] Tr. 208-09. The application was denied initially, Tr. 94-96, and on reconsideration, Tr. 98-99. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May 4, 2017. Tr. 36-78. On June 22, 2017, the ALJ denied Plaintiff's claim. Tr. 12-32.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of December 31, 2008, through her date last insured of September 30, 2013. Tr. 17. At step two, the ALJ found Plaintiff had the following severe impairments: lumbar spine disorder and depressive or bipolar disorder. Tr. 18. At step three, the ALJ found

---

[2] The application lists an alleged disability onset date of March 12, 2006. Tr. 208. However, throughout the record, Plaintiff's alleged disability onset date is consistently noted as December 31, 2008. ECF No. 15 at 2; ECF No. 16 at 1; Tr. 15, 25, 243-44.

ORDER - 6

Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] retained the functional capacity for work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; pushing or pulling similar amounts; standing, walking, and sitting for 6 hours each; no climbing of ropes/ladders/scaffolding; no more than occasional ability to perform all other postural activity; no more than frequent interaction with supervisors, coworkers, and the public; and no more than simple, routine tasks.

Tr. 20.

At step four, the ALJ made no finding regarding past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as room cleaner, photocopy machine operator, and electronics worker. Tr. 24-25. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from December 31, 2008, the alleged onset date, through September 30, 2013, the date last insured. Tr. 25.

On February 26, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability income benefits under Title II of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence;
2. Whether the ALJ properly determined that Plaintiff's impairments did not meet or equal a listed impairment at step three;
3. Whether the ALJ properly weighed Plaintiff's symptom claims; and
4. Whether the ALJ properly weighed lay witness statements.

ECF No. 15 at 2.

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff challenges the ALJ's consideration of the opinions of advanced registered nurse practitioner (ARNP) Teresa Stone, Arthur Lorber, M.D., and Olegario Ignacio, Jr., M.D. ECF No. 15 at 9-14.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

ORDER - 8

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-831 (9th Cir. 1995)).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. § 404.1527 (2012); *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other

ORDER - 9

sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 404.1513(d) (2013).[3] However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

   1. *Teresa Stone, ARNP*

Plaintiff alleges that the ALJ erred by failing to discuss the December 2015 opinion of treating ARNP Stone. ECF No. 15 at 10-13.

On December 15, 2015, ARNP Stone completed a medical report and opined that Plaintiff would miss an average of four or more workdays per month due to back pain. Tr. 378-80. She noted that Plaintiff would lie on the floor twice a day for 15 minutes to stretch her back and relieve pressure. Tr. 378. She reported that

---

[3] Prior to March 27, 2017, the definition of a medical source, as well as the requirement that an ALJ consider evidence from non-acceptable medical sources, were located at 20 C.F.R. § 404.1513(d).

ORDER - 10

Plaintiff's prognosis was fair without treatment and "likely very good with treatment." Tr. 379. She also noted it was likely that Plaintiff "would benefit from nerve ablation, as recommended by Columbia Pain Management," but recognized that Plaintiff "consistently declined to proceed with nerve ablation, in favor of medication management for pain." Tr. 380. ARNP Stone opined that Plaintiff was severely limited and unable to meet the demands of full-time sedentary work. Tr. 379. The ALJ did not discuss ARNP Stone's opinion in the decision.

Plaintiff argues that it was error for the ALJ to wholly ignore ARNP Stone's opinion. ECF No. 15 at 10-11. Defendant asserts that the ALJ was not required to address ARNP Stone's statements because her opinion addressed Plaintiff's impairments after the relevant time period. ECF No. 16 at 9. Medical evaluations made after a claimant's insured status has expired are still relevant to pre-expiration conditions. *Lester*, 81 F.3d at 832 (citations omitted). "[M]edical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (citations omitted). ARNP Stone's opinion addressed Plaintiff's back pain, which the ALJ found to be a severe impairment during the relevant time period. Tr. 18, 378-80. Although ARNP Stone's opinion was rendered more than two years after the date last insured, she referred Plaintiff's lumbar pain back to October 2014, which was only eleven months after the date last insured. Tr. 380. Treatment records from

ORDER - 11

Klickitat Valley Health Center were misplaced and thus not included in the record, but retired physician's assistant Ian Wilde submitted a letter stating that he treated Plaintiff's back pain symptoms in December 2009 and November 2011 and noted that Plaintiff also saw ARNP Stone for back pain symptoms both before and after her visits with Mr. Wilde. Tr. 488. The ALJ found Plaintiff's lumbar spine disorder to be severe during the relevant time period, the record shows that ARNP Stone treated Plaintiff for back pain during the relevant time period, and she provided an opinion as to Plaintiff's disabling back pain that related back to approximately one year after the date last insured. Tr. 18, 378-80. Thus, ARNP Stone's opinion was significant probative evidence despite being rendered two years after the date last insured, and the ALJ was required to at least address her statements. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must explain why significant probative evidence has been rejected).

Defendant contends that "an ALJ need not address a lay witness statement that is not probative." ECF No. 16 at 9. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Although the regulations were amended on March 27, 2017 to include advanced registered nurse practitioners as acceptable medical sources, the amendment

ORDER - 12

applies to claims filed on or after March 27, 2017.[4] 20 C.F.R. § 404.1502(a)(7). Plaintiff's claim was filed on October 9, 2013, and thus, the ALJ was required to provide germane reasons for discounting ARNP Stone's opinion. *Dodrill*, 12 F.3d at 919. It is unclear why the ALJ chose to discuss other lay witness statements made outside of the relevant time period, yet wholly ignored the opinion of treating ARNP Stone. The ALJ addressed and assigned little weight to a partially completed medical report by chiropractor Dennis Carver, which was rendered in July 2016, seven months after ARNP Stone's opinion. Tr. 23, 421-23. The ALJ also discussed and assigned limited weight to statements made in an undated letter by Mr. Wilde, a retired physician's assistant who treated Plaintiff on two occasions. Tr. 23, 488. Despite discussing these other source opinions, the ALJ failed to provide ARNP Stone's opinion any degree of review in his decision and gave no reasons for failing to do so. The failure to discuss and explain what weight he assigned to ARNP Stone's opinion evidence in the record, a treating

---

[4] The amended regulations state, "Acceptable medical source means a medical source who is a…Licensed Advanced Practice Registered Nurse, or other licensed advanced practice nurse with another title, for impairments within his or her licensed scope of practice (only with respect to claims filed (*see* § 404.614) on or after March 27, 2017)." 20 C.F.R. § 404.1502(a)(7).

ORDER - 13

nurse practitioner who assessed disabling limitations based upon her treating relationship with Plaintiff, constitutes reversible, non-harmless, error. *Hill*, 698 F.3d at 1160 (ALJ's failure to discuss doctor's statement or otherwise explain weight is harmful error).

Defendant asserts that any error is harmless. ECF No. 16 at 10. An error is not harmless unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, ARNP Stone was the only source in the record to opine that Plaintiff needed to lie down during the day and that she would miss an average of four or more workdays per month due to back pain. Tr. 378-79. The ALJ did not discuss these opined limitations or incorporate them into the RFC. Tr. 15-26. Because these limitations were not clearly incorporated into the RFC, the Court cannot confidently conclude that the disability determination would remain the same were the ALJ to fully credit ARNP Stone's opinion. When the ALJ improperly ignores significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity determination." *Hill*, 698 F.3d at 1161; *see also Vincent*, 739 F.2d at 1394-95 (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

Defendant argues that "[b]ecause the ALJ's findings were rational, the Court should decline Plaintiff's invitation to re-weigh the evidence." ECF No. 16 at 10. However, the Court cannot affirm the ALJ's decision based on findings not made by the ALJ. *See Stout*, 454 F.3d at 1054. The ALJ's error was not harmless. On remand, the ALJ is instructed to specifically weigh ARNP Stone's opinion, take testimony from a medical expert who has had the opportunity to review all of the medical evidence of record, reconsider the medical evidence in light of the ALJ's evaluation of ARNP Stone's and the medical expert's opinion, and, if necessary, resolve conflicts in the medical evidence.

*2. Other Challenges*

Plaintiff raises several other challenges to the ALJ's evaluation of the medical opinion evidence, step three of the sequential evaluation process, Plaintiff's symptom testimony, and lay witness statements. ECF No. 15 at 5-9, 14-21. However, the ALJ's findings at other steps in the sequential evaluation inherently depend on the ALJ's findings regarding the medical evidence. Because this case is remanded for the ALJ to reconsider medical opinion evidence, the Court declines to address Plaintiff's other challenges here. The ALJ is instructed to conduct a new sequential analysis on remand, including reconsidering step three,

Plaintiff's symptom testimony, and lay witness statements in light of the new analysis of the medical evidence.

**B. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 15 at 2.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague*, 812 F.2d at 1232 (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant

ORDER - 16

testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, further proceedings are necessary. As discussed *supra*, the ALJ erred by failing to evaluate ARNP Stone's opinion regarding functional limitations from Plaintiff's lumber spine disorder. However, ARNP Stone's opinion was contradicted by Dr. Lorber and Dr. Ignacio, who both opined that Plaintiff did not have disabling limitations. Tr. 63-72, 86-93. The ALJ gave Dr. Lorber's opinion significant weight and adopted in part Dr. Ignacio's opinions. Tr. 22-23. Even if the ALJ were to have fully credited ARNP Stone's opinion, the evidence would present an outstanding conflict for the ALJ to resolve. Thus, further proceedings are necessary for the ALJ to resolve potential conflicts in the evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 17

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this Order.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED April 9, 2019.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 18